GEORGE A. ROBERTS, ESQ.
SBN 77916
301 Broad Street
Nevada City, CA 95959
Telephone (530) 265-3279
Facsimile (530)265-6051

Attorney for plaintiff General Charles E. "Chuck" Yeager

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE  EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER, | Case No.  2:06-CV-01196-DFL-PAN(JFM) |
| Plaintiff, | STIPULATION AND ORDER PERMITTING THE FILING OF THIRD AMENDED COMPLAINT |
| v. | |
| SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON and WOODFORD, LLP, AND DOES 1 through 10, | |
| Defendants. | |
| _____/ | |

    IT IS HEREBY STIPULATED AND AGREED, by an between all of the parties, through

their respective counsel of record, that Plaintiff General Charles E. "Chuck" Yeager may lodge

with the court a Third Amended Complaint, attached to this stipulation.  All parties stipulate that

this Third Amended Complaint may be filed without a scheduled motion.

    All parties also stipulate that each party shall have 30 days in which to file a responsive

pleading and/or motions to dismiss or motions for summary judgment.  The Third Amended

Complaint is deemed to be served as of November 1, 2006.

STIPULATION AND ORDER PERMITTING THE FILING OF
THIRD AMENDED COMPLAINT

1

2

Date: _11/8/06_____   /s/George A. Roberts

3
George A. Roberts
Attorney for Plaintiff

4
General Charles E. "Chuck" Yeager

5

6   Date: _10/31/06_____   /s/Robert H. Johnson

7
Johnson Schachter & Lewis
Robert H.  Johnson

8
Attorney for Defendants
Scott Robertson and

9
Robertson Woodford, LLP

10

11   Date: _10/26/06_____   /s/Audrey A. Millemann

Weintraub Genshlea Chediak
12
Audrey A. Millemann
Attorney for Defendants
13
Susan Yeager, Sharon Yeager-Flick,
Donald Yeager, and Michael Yeager
14

15   Date: _11/1/06_____   /s/Peter Glick

16
Peter E. Glick
Attorney for Defendant
17
Yeager, Inc.

18

19

20
It is so ordered.
21

22

23

24   Date: November 9, 2006    _____

/s/ David F. Levi
25
Honorable David F. Levi

26

27
2
STIPULATION AND ORDER PERMITTING THE FILING OF
28
THIRD AMENDED COMPLAINT

GEORGE A. ROBERTS, ESQ.
SBN 77916
301 Broad Street
Nevada City, CA 95959
Telephone (530) 265-3279
Facsimile (530)265-6051

Attorney for plaintiff General Charles E. "Chuck" Yeager

UNITED STATES FEDERAL COURT

NINTH CIRCUIT, EASTERN DISTRICT

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER, | Case No. 2:06-CV-01196-DFL-PAN(JFM) |
| | (PROPOSED) THIRD AMENDED COMPLAINT FOR DAMAGES |
| Plaintiff, | 1. FAILURE TO FUND DEFINED BENEFIT PENSION PLAN (ERISA) |
| | 2. ACCOUNTANT BREACH OF FIDUCIARY DUTY |
| v. | 3. BREACH OF FIDUCIARY DUTY (TRUSTEE OF DEFINED BENEFIT PENSION PLAN) |
| | 4. BREACH OF FIDUCIARY DUTY (YEAGER REVOCABLE LIVING TRUST) |
| SUSAN YEAGER, | 5. NEGLIGENT ACCOUNTING PRACTICES |
| YEAGER, INC., | |
| SCOTT ROBERTSON, | 6. CONSPIRACY |
| ROBERTSON and WOODFORD, LLP, | 7. CONVERSION |
| AND DOES 1 through 10, | 8. BREACH OF ORAL CONTRACT AND UNJUST ENRICHMENT |
| | 9. ACCOUNTING FOR DEFINED BENEFIT PENSION PLAN |
| Defendants. | 10. TEMPORARY RESTRAINING ORDER AND PERMANENT INJUNCTION |
| _____/ | |

## GENERAL ALLEGATIONS

Plaintiff, GENERAL CHARLES E. "CHUCK" YEAGER, alleges as follows:

1. This action is brought pursuant to 29 USC section 1144(a) and 29 USC section 1132(a)(1).

1    2.  Plaintiff, GENERAL CHARLES E. "CHUCK" YEAGER was at all times relevant the

2    sole beneficiary of the Yeager, Inc. Defined Benefit Pension Plan.

3         3.  Plaintiff is a 20 percent minority shareholder of Yeager, Inc.

4         4.  Does 1 through 10 are individuals and/or business entities of unknown legal status

5    who in some way have participated in the conduct described below.  Plaintiff reserves the right to

6    amend this complaint by naming specific Doe defendants 1 through 10.

7         5.  Defendant Yeager, Inc. is a closely held subchapter S corporation, incorporated and

8    authorized to do business in the state of California.

9         6.  The Yeager, Inc. Defined Benefit Pension Plan was established on or about

10   February 1, 1981, by a resolution of the board of directors of Yeager, Inc.

11        7.  Defendant Susan Yeager is a 20 percent shareholder of Yeager, Inc., and at times

12   relevant to the allegations contained in this complaint acted as the chief financial officer of

13   Yeager, Inc.  Defendant Susan Yeager is a resident of Hawaii.

14        8.  Defendant Susan Yeager, at times relevant to the allegations in this complaint, served

15   as a member of the board of directors of Yeager, Inc. at various times, and held various positions

16   as corporate officer.

17        9.  Defendant Susan Yeager, at times relevant to the allegations in this complaint, acted as

18   trustee for the Charles E.Yeager Revocable Living Trust.

19        10.  Defendant Susan Yeager, at times relevant to the allegations in this complaint, acted

20   as trustee for the Yeager, Inc. Defined Benefit Pension Plan.

21        11.  Defendant Susan Yeager acted as investment advisor for the Yeager, Inc. Defined

22   Benefit Pension Plan.

23        12.  At all times relevant to the allegations in the complaint, Defendant Susan Yeager

24   continuously interchanged the terms "Family Trust" and "Pension Plan" when discussing her

25   various actions with Plaintiff.  Plaintiff alleges that this was a deliberate calculation on behalf of

26   Susan Yeager to conceal from Plaintiff the true financial status of these two entities.

27        13.  Michael Yeager is a 20 percent shareholder of Yeager, Inc.

28

1      14.   Donald Yeager is a 20 percent shareholder of Yeager, Inc., and has at times relevant

2   to the allegations in this complaint served as a member of the board of directors.  Donald Yeager

3   is a resident of Colorado.

4      15.  Sharon Yeager is a 20 percent shareholder of Yeager, Inc., and has at times relevant

5   to the allegations in this complaint served as a member of the board of directors.  Sharon Yeager

6   is a resident of Nevada.

7      16.  Scott Robertson is a CPA who at times relevant to the allegations in this complaint

8   served in the following capacities:

9          A.  Accountant for Susan Yeager.

10         B.  Accountant for Yeager, Inc.

11         C.  Accountant for the Charles E. Yeager Revocable Living Trust

12         D.  Accountant for the Yeager, Inc. Defined Benefit Pension Plan

13         E.  Accountant for Plaintiff individually

14         F.  Accountant for Michael Yeager

15         G.  Accountant for Donald Yeager

16         H.  Accountant for Sharon Yeager

17         I.  Accountant for Tri-Y-F Partnership

18      17.  Defendant Robertson and Woodford, LLP, at times relevant to the allegations in this

19   complaint, was a limited liability partnership, wherein Scott Robertson was a partner.

20      18.  Plaintiff requests a jury trial.

**FIRST CAUSE OF ACTION**
**FAILURE TO FUND DEFINED BENEFIT PENSION PLAN**
**(Defendant Yeager, Inc.)**

23      19.  Plaintiff incorporates by reference each allegation made in paragraphs 1 through 18.

24   (General Allegations)

25      20.  During the time Susan Yeager was the trustee of the Defined Benefit Pension Plan,

26   she failed to adequately account to the beneficiary regarding the financial status of the Defined

27   Benefit Pension Plan.

28

1    21.  At all times Susan Yeager was acting as trustee of the Defined Benefit Pension Plan,

2    she also was the chief financial officer of Yeager, Inc., with the day to day obligations to meet

3    the financial requirements of the corporation.

4    22.  Defendant Yeager, Inc. failed to provide adequate funding to the Defined Benefit

5    Pension Plan.  At all times during which the under funding occurred, Defendant Yeager, Inc. had

6    sufficient discretionary assets available to fully fund the Defined Benefit Pension Plan.

7    23. As a result of the actions of each of the above named Defendants, Plaintiff  has been

8    damaged by the under funding of the Defined Benefit Pension Plan, in an amount as yet

9    unascertained but according to proof at the time of trial.  Plaintiff also is expected to incur

10   penalties and interest for the under funding, which was the direct result of Yeager, Inc., in an

11   amount according to proof at the time of trial.

12   24. Plaintiff was not aware of the facts supporting the allegations of this cause of action

13   until after January 2004, due to the active concealment by Defendant Susan Yeager and

14   Defendant Scott Robertson.

**SECOND CAUSE OF ACTION**
**ACCOUNTANT BREACH OF FIDUCIARY DUTY**
**(Scott Robertson, Robertson & Woodford LLP)**

17   25.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1

18   through 18 and 20 through 24 of this complaint.

19   26.  Defendants Scott Robertson and Robertson and Woodford owed a fiduciary

20   obligation to their client, Chuck E. Yeager.  Defendant Scott Robertson was a certified public

21   accountant and partner of Robertson and Woodford, both of which owed undivided obligation

22   and loyalty to protect the financial interests of Plaintiff.

23   27.  Defendants had a further fiduciary obligation to affirmatively inform Plaintiff of any

24   detrimental effects of Defendants' recommendations for tax planning, estate planning,

25   investment vehicles, and accounting procedures.

26   28.  Defendants further had a fiduciary obligation to decline any professional engagement

27   of any individuals or entities having any conflict of interest with the position of Plaintiff.

28

1    29.  Defendants breached their respective duties owed to Plaintiff in the following ways:

2    A.  Defendants failed to timely file personal income tax returns for Plaintiff, and failed to

3    make reasonable inquiries directed to their client, Plaintiff, regarding the reasons for

4    delay.  These failures occurred at times when these Defendants were in an ongoing

5    professional relationship with Plaintiff.

6    B.  These Defendants failed to inform their client, Plaintiff, that  the Yeager, Inc. Defined

7    Benefit Pension Plan was being inadequately funded.  This failure extended over a period

8    of years, and during which time Defendants Scott Robertson and Robertson and

9    Woodford were also professionally employed by Yeager, Inc. and by Defendant Susan

10   Yeager personally.  During this period of time, Defendant Susan Yeager was the financial

11   officer of Yeager, Inc. and trustee of the Yeager, Inc. Defined Benefit Pension Plan.

12   Defendant Susan Yeager was also the trustee of the Charles E. Yeager Revocable Living

13   Trust.

14   C.  These Defendants billed for and attempted to create investment vehicles which were

15   detrimental to their client, Plaintiff, and for the intended benefit of  Susan Yeager, Sharon

16   Yeager-Flick, Michael Yeager, and Donald Yeager.  During this period of time, these

17   Defendants failed to inform their client, Plaintiff, that they were performing services at

18   the direction of their other client, Defendant Susan Yeager, which services were intended

19   to create investment vehicles detrimental to the best interest of their client, Plaintiff.

20   D.  Defendants failed to inform their client, Plaintiff, of improper financial transactions

21   involving Defendants' other client, Susan Yeager personally, and in her capacity as

22   Trustee of the Charles E. Yeager Revocable Living Trust.  This failure to inform Plaintiff

23   continued even after Defendants had actual knowledge of the improper transactions

24   which were harmful to Plaintiff.

25   E.  These Defendants failed to advise their client, Plaintiff,  that another of their clients,

26   Susan Yeager, in her capacity as chief financial officer of Yeager, Inc. was failing to fund

27   the Defined Benefit Pension Plan.

28

1    F.  These Defendants failed to advise their client, Plaintiff, that their other clients, Susan

2        Yeager, and Yeager, Inc. were not preparing the necessary federal income tax returns,

3        which would have disclosed the inadequate funding.

4        30.  During the period of time in which the Defined Benefit Pension Plan was

5    underfunded, Defendant Scott Robertson breached his fiduciary duty by failing to protect the

6    financial interest of his client, General Charles E. "Chuck" Yeager, who was a beneficiary of the

7    Defined Benefit Pension Plan.  Plaintiff alleges on information and belief that for all years in

8    which the Defined Benefit Pension Plan was underfunded, Defendant Robertson failed to apply

9    generally accepted accounting principles in acting as accountant for the Yeager, Inc. Defined

10   Benefit Pension Plan, and as accountant for Yeager, Inc.

11       31.  Defendants Scott Robertson and Robertson and Woodford, LLP breached their

12   respective fiduciary duties owed to Plaintiff by failing to inform their client, General Charles E.

13   "Chuck"Yeager, that the  Defined Benefit Pension Plan was being underfunded by another of

14   their clients, Yeager, Inc.

15       32.  As a direct result of Defendants' breach of their fiduciary duties owed to Plaintiff,

16   Plaintiff was required to pursue legal action against Defendant Susan Yeager for recovery of her

17   unjust enrichment at the expense of Plaintiff.  The attorneys fees and costs incurred by Plaintiff

18   which were proximately caused by these Defendants exceed $175,000.  The exact amount of

19   damages are not yet known to Plaintiff, but will be according to proof at the time of trial.

20       33.  Defendants Scott Robertson and Susan Yeager also conspired to have Defendant

21   Susan Yeager pay herself an exorbitant "management fee" from the Charles E.Yeager Revocable

22   Living Trust and the Yeager, Inc. Defined Benefit Pension Plan.  These exorbitant fees were

23   proposed by Defendant Scott Robertson, and were to the detriment of Plaintiff, to whom

24   Defendant Scott Robertson owed a fiduciary duty.

25       34.  Plaintiff was not aware of the facts supporting the allegations of this cause of action

26   until after January 2004, due to the active concealment by Defendant Susan Yeager and

27   Defendant Scott Robertson.

28

35.  Plaintiff has been damaged in an amount as yet unascertained, but according to proof at the time of trial.

### THIRD CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (TRUSTEE OF DEFINED BENEFIT PENSION PLAN)
### (Susan Yeager)

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 18 of this complaint.

37. As trustee of the Yeager, Inc. Defined Benefit Pension Plan, Defendant Susan Yeager owed an undivided loyalty to maximize the income and investments of the Defined Benefits Pension Plan, and to avoid any financial conflict with any other entity or person.

38. As trustee of the Yeager, Inc. Defined Benefit Pension Plan, Defendant Susan Yeager breached her duty by making investments inconsistent with the prudent person rule, and by diverting money intended for the Defined Benefit Pension Plan into other accounts and entities for her own financial benefit, and for the financial benefit of  Sharon Yeager-Flick, Donald Yeager, Michael Yeager, Cynthia Siegfried, and Scott Robertson.

39.  As trustee and financial advisor to the Yeager, Inc. Defined Benefit Pension Plan, Defendant Susan Yeager paid herself an unauthorized, exorbitant "salary" for her amateur financial "advice."

40. As a result of the breach of fiduciary duty, Plaintiff has been damaged in an amount as yet unascertained, but according to proof at the time of the trial.

### FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY
### (Defendant Susan Yeager as trustee of the Charles E. Yeager Revocable Living Trust)

41. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 18 of the complaint.

42. As Trustee of the Charles E. Yeager Revocable Living Trust, Defendant Suasan Yeager breached her duty by making investments inconsistent with a prudent person rule by investing in unacceptably risky investments.  Defendant Susan Yeager further breached her

1  fiduciary duty by disbursing funds from the Charles E. Yeager Revocable Living Trust to various

2  family members without the knowledge or consent of Plaintiff, and in violation of the written

3  constraints contained in the trust document.

4      43.  As trustee of the Charles E. Yeager Revocable Living Trust, Defendant Susan Yeager

5  breached her duty by failing to place or transfer all of Plaintiff's property into the trust as was

6  required by the terms of the trust.  Plaintiff specifically instructed Susan Yeager to take such

7  action.  Plaintiff believes that Defendant Susan Yeager failed to transfer all of the assets, and has

8  concealed those assets which were not placed into the trust.

9      44.  As trustee of the Charles E. Yeager Revocable Living Trust, Defendant Susan Yeager

10  breached her duty by causing assets and income derived by and created by Plaintiff to be placed

11  into the name of Yeager, Inc. rather than into the Charles E. Yeager Revocable Living Trust.

12  This was a violation of the fiduciary obligation Susan Yeager owed to the Charles E. Yeager

13  Revocable Living Trust, and in violation of the understanding and instructions of Plaintiff.

14      45. As a result of this breach of fiduciary duty, Plaintiff has been damaged in an amount

15  as yet unascertained, but according to proof at the time of the trial.

16  **FIFTH CAUSE OF ACTION**
**NEGLIGENT ACCOUNTING PRACTICES**

17  **(Scott Robertson and Robertson and Woodford**)

18      46.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1

19  through 18, 20 though 24, and 26 through 35 of the complaint.

20      47.  Defendant Scott Robertson failed to provide adequate accounting services to

21  Plaintiff.  The failures included the failure to personally confirm financial information, failure to

22  have personal tax returns for Plaintiff filed on time, and failure to prevent late fees from being

23  assessed by various taxing agencies against Plaintiff.

24      48.  Defendant Scott Robertson also failed to provide adequate accounting services to

25  Yeager, Inc. and to the Yeager, Inc. Defined Benefit Pension Plan.  The failure to provide

26  adequate accounting services allowed his other client, Defendant Susan Yeager, to under fund the

27  Defined Benefit Pension Plan, and allowed co-Defendant Susan Yeager to make dividend

28

1   payments from Yeager, Inc. to various other clients of Scott Robertson, including Sharon Yeager

2   Flick, Michael Yeager, and Susan Yeager.  Defendant also failed to inform his client, Plaintiff,

3   that another of his clients, Susan Yeager, was improperly withdrawing and using funds from the

4   Charles E. Yeager Revocable Living Trust for her own benefit, to purchase certain "Penn Valley

5   property."

6          49.  During the period of time in which the Defined Benefit Pension Plan was

7   underfunded, Defendant Scott Robertson breached his fiduciary duty by failing to protect the

8   financial interest of his client, General Charles E. "Chuck" Yeager, who was a beneficiary of the

9   Defined Benefit Pension Plan.  Plaintiff alleges on information and belief that for all years in

10  which the Defined Benefit Pension Plan was underfunded, Defendant Robertson failed to apply

11  generally accepted accounting principles in acting as accountant for the Yeager, Inc. Defined

12  Benefit Pension Plan, and as accountant for Yeager, Inc.

13         50.  Defendants Scott Robertson and Robertson and Woodford, LLP breached their

14  respective fiduciary duties owed to Plaintiff by failing to inform their client, General Charles E.

15  "Chuck"Yeager, that the  Defined Benefit Pension Plan was being underfunded by another of

16  their clients, Yeager, Inc.

17         51.  Defendant Scott Robertson also failed to provide adequate accounting services to his

18  client, Plaintiff, regarding tax ramifications of certain real estate gifts and/or transfers.  These

19  gifts and/or transfers of real estate were transacted by Defendant Susan Yeager.  Defendant Scott

20  Robertson, in his conflicting roles as accountant for Susan Yeager, accountant for The Yeager,

21  Inc. Defined Benefit Pension Plan, and accountant for Plaintiff, failed in his fiduciary duty to

22  give the most accurate and beneficial accounting advice to Plaintiff.

23         52.  As a result of these failures, Plaintiff was damaged in an amount as yet unknown, but

24  according to proof at the time of trial.  Damages include, but are not limited to Internal Revenue

25  Service fines, and legal fees incurred by Plaintiff in attempting to get a full accounting from

26  Defendant Susan Yeager, and to recover from Susan Yeager improper profits related to the "Penn

27  Valley Property."

28

1      53.  Plaintiff was not aware of the facts supporting the allegations of this cause of action

2  until after January 2004, due to the active concealment by Defendant Susan Yeager and

3  Defendant Scott Robertson.

4      54.  Plaintiff has been damaged in an amount as yet unascertained, but according to proof

5  at the time of trial.

6  **SIXTH CAUSE OF ACTION**<br>**CONSPIRACY**

7  **(Scott Robertson, Susan Yeager, and Does 1 through 5)**

8      55.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1

9  through 18, 20 through 24, and 25 through 35 of the complaint.

10     56.  In 2001 and 2002, Defendants Susan Yeager, Scott Robertson and Does 1 through 5

11 conspired to wrongfully deprive Plaintiff of financial control over his own assets.

12     57.  The conspiratorial acts included secret meetings between Defendant Susan Yeager

13 and Defendant Scott Robertson, during which times each of these Defendants owed a continuing

14 fiduciary duty of good faith and fair dealing to Plaintiff .

15     58.  The conspiratorial acts also included agreements between and among these

16 Defendants to withhold financial information from Plaintiff, to create financial vehicles for

17 Plaintiff, which in fact were for the benefit of Defendant Susan Yeager and her siblings, Donald

18 Yeager, Michael Yeager, and Sharon Yeager Flick, and detrimental to Plaintiff.  Defendant Scott

19 Robertson billed Plaintiff for services which in fact were designed to deprive Plaintiff of control

20 of his assets, for the benefit of co-Defendant Susan Yeager.

21     59.  Defendants Scott Robertson and Susan Yeager also conspired to have Defendant

22 Susan Yeager pay herself an exorbitant "management fee" from the Charles E. Yeager Revocable

23 Living Trust and the Yeager, Inc. Defined Benefit Pension Plan.  These exorbitant fees were

24 proposed by Defendant Scott Robertson, and were to the detriment of Plaintiff, to whom

25 Defendant Scott Robertson owed a fiduciary duty.

26     60.  Plaintiff was not aware of the facts supporting the allegations of this cause of action

27 until after January 2004, due to the active concealment by Defendant Susan Yeager and

28

1  Defendant Scott Robertson.  The actions of defendants Susan Yeager and Scott Robertson were

2  extreme and outrageous, intentional, and done with malice.  These actions justify the award of

3  punitive damages.

4      61.  Plaintiff has been damaged in an amount as yet unascertained, but according to proof

5  at the time of trial.

6

7                    **SEVENTH CAUSE OF ACTION**
                     **CONVERSION**
                     **(Susan Yeager)**
8

9      62.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1

   through 18 of the complaint.
10

11     63.  Defendant Susan Yeager in 2001 and/or 2002 transferred in excess of $11,000 to

   Defendant Scott Robertson.  The funds were paid from assets rightfully belonging to Plaintiff.
12
   The amount paid to Scott Robertson was in excess of any legitimate fee for bookkeeping services
13
   allegedly to be performed for the benefit of Plaintiff.
14
       64.  Defendant Susan Yeager also made an unauthorized "bonus payment" to a former
15
   employee of Yeager, Inc., Cindy Siegfried.   Plaintiff was not aware of this improper payment
16
   until the year 2004.
17
       65.  Defendant Susan Yeager paid to herself exorbitant "management fees" for
18
   "managing" the funds of the Charles E. Yeager Revocable Living Trust and the Yeager Defined
19
   Benefit Pension Plan, with such payments being made without the informed consent of Plaintiff.
20
   Defendant Susan Yeager also caused financial losses to these two entities by negligent
21
   investments.
22
       66.  Defendant Susan Yeager converted corporate funds by disbursing "dividends" in
23
   2001 to herself, Donald Yeager, Sharon Yeager Flick, and Michael Yeager.  At the time of the
24
   transfer of these corporate funds, the corporation owed back obligations to the Yeager, Inc.
25
   Defined Benefit Pension Plan, for which Plaintiff was the sole beneficiary.
26
       67.  Susan Yeager for many years disbursed funds from the Charles E. Yeager Revocable
27

28

                              THIRD AMENDED COMPLAINT FOR DAMAGES
                                          - 11 -

1  Living Trust for payment of homeowners insurance on certain "Penn Valley" property, during

2  which time she was the legal owner of the property.  Susan Yeager misrepresented to State Farm

3  and its agents that Plaintiff was the owner of the house, and requested that the policy be issued

4  naming Plaintiff as the "owner."

5        68. Susan Yeager also illegally "gifted" trust assets to herself, her siblings, and various

6  family relatives in violation of her duties as co-trustee of the Charles E. Yeager Revocable Living

7  Trust, and in violation of the specific terms of the Trust.

8        69.  The actions of defendant Susan Yeager were extreme and outrageous, intentional,

9  and done with malice.  These actions justify the award of punitive damages.

10        70.  Plaintiff has been damaged in an amount as yet unascertained, but according to proof

11  at the time of trial.

12                          **EIGHTH CAUSE OF ACTION**
                    **BREACH OF ORAL CONTRACT AND UNJUST ENRICHMENT**
13                          **(Susan Yeager and Yeager, Inc.)**

14        71.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1

15  through 18 of the complaint.

16        72.  Yeager, Inc., through its chief financial officer, Susan Yeager, with the consent, and

17  approval of the board of directors members, arbitrarily and without legal justification caused

18  Yeager, Inc. to drastically reduce the "salary" of Plaintiff, without his knowledge.  This "salary

19  reduction" was designed by Defendant  Susan Yeager to increase corporate funds available for

20  "dividend" payments to Defendant Susan Yeager and her three siblings.  This diversion was

21  concealed from Plaintiff, who suffered a loss of salary in an amount as yet unascertained, but

22  according to proof at the time of trial.  Defendant Susan Yeager, as chief financial officer of

23  Yeager, Inc., also failed to pay salary related to Charles E. Yeager signing additional

24  memorabilia which memorabilia was later transferred to Aviation Autographs.  The agreement

25  between Plaintiff and Yeager, Inc. was that he would receive $50 per signature plus one-third of

26  the value of the memorabilia sold.

27        73. As a result of the actions of these co-Defendants, Plaintiff was damaged in an amount

28

1  according to proof at the time of trial.

### NINTH CAUSE OF ACTION
### ACCOUNTING FOR DEFINED BENEFIT PENSION PLAN
### (Yeager, Inc)

74.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1 through 18 of the complaint.

75.  Plaintiff has requested and demanded an accounting of the Defined Benefit Pension Plan, to be provided by the board of directors and/or officers of Yeager, Inc.

76.  Defendants have failed and refused to get an accounting of monies owed to the Defined Benefit Pension Plan.

77.  Plaintiff is entitled to an accounting, as he is the sole remaining beneficiary of the Defined Benefit Pension Plan.  Plaintiff does not have independent access to the financial records of the Defined Benefit Pension Plan.

### TENTH CAUSE OF ACTION
### REQUEST FOR TEMPORARY RESTRAINING ORDER
### AND PERMANENT INJUNCTION
### (Yeager, Inc.)

78.  Plaintiff realleges and incorporates by reference each allegation in paragraphs 1 through 18, 20 through 24, and 26 through 35 of the complaint.

79.  Defendant Susan Yeager has been the chief financial officer of Yeager, Inc at all times relevant to the circumstances described in this complaint.

80.  Yeager, Inc. has certain assets, including cash, investments, memorabilia commemorating the events of Plaintiff's life and an income stream resulting solely from the efforts of Plaintiff.

81.  Plaintiff alleges that Yeager, Inc. is obligated for under funding the Yeager, Inc. Defined Benefit Pension Plan in an amount in excess of $300,000.

82.  Defendant Susan Yeager and the current board of directors continue to control the management of Yeager, Inc. as majority shareholders and directors and officers of the corporation.

1   83.  Defendant Susan Yeager, in her capacity as chief financial officer has continued to

2   make "dividend payments" to herself and her siblings while failing to provide payments to the

3   under funded Yeager, Inc. Defined Benefit Pension Plan.

4   84.  Plaintiff seeks a temporary restraining order and permanent injunction, prohibiting

5   Defendant Yeager, Inc. from making any further disbursals of corporate funds for any of the

6   following purposes:

7       A.  Any payment to any of the shareholders for any "dividends."

8       B.  Payment to any shareholder for any "bookkeeping" services or other alleged

9       "services" to the corporation.

10   85.  Plaintiff seeks a temporary restraining order and permanent injunction prohibiting

11   Yeager, Inc. from marketing any memorabilia belonging to the corporation.  Plaintiff alleges that

12   marketing of the assets of the corporation has been conducted in a way beneficial to friends and

13   acquaintances of Defendant Susan Yeager, but not for the best interest of the corporation.

14   86.  Plaintiff asks that the above requested temporary restraining orders and injunctive

15   relief stay in place until trial on the merits.

16   87.  Plaintiff alleges that the temporary restraining order and injunctive relief are

17   necessary to avoid irreparable harm.  The irreparable harm will result if corporate assets are

18   diminished before full payment for the under funding of the Defined Benefit Pension Plan is

19   completed, and until all taxes and penalties relating to Yeager, Inc., Plaintiff, and the Defined

20   Benefit Pension Plan are paid in full.

21   88.  No adequate legal remedy exists in an award of damages if the corporate funds and

22   assets are dissipated without payment of the above described tax obligations and payments to the

23   Defined Benefit Pension Plan.

24   89. Plaintiff has been damaged in an amount as yet unascertained, but according to proof

25   at the time of trial.

26

27

28

1    WHEREFORE, Plaintiff prays for judgment as follows:

2    **1.  First Cause of Action**

3    a.  For damages according to proof at the time of trial;

4    **2.  Second Cause of Action**

5    a.  For damages according to proof at the time of trial;

6    **3.  Third Cause of Action**

7    a.  For damages according to proof at the time of trial;

8    **4.  Fourth Cause of Action**

9    a.  For damages according to proof at the time of trial;

10   **5.  Fifth Cause of Action**

11   a.  For damages according to proof at the time of trial;

12   **6.  Sixth Cause of Action**

13   a.  For damages according to proof at the time of trial;

14   b.  For punitive damages according to proof at the time of trial;

15   **7.  Seventh Cause of Action**

16   a.  For damages according to proof at the time of trial;

17   b.  For punitive damages according to proof at the time of trial;

18   **8.  Eighth Cause of Action**

19   a.  For damages according to proof at the time of trial;

20   **9.  Ninth Cause of Action**

21   a.  For a full accounting of the Yeager, Inc. Defined Benefit Pension Plan, to be provided

22   by Defendant, Yeager, Inc.

23   **10.  Tenth Cause of Action**

24   a.  For a temporary restraining order and a preliminary injunction to restrain Defendant

25   Yeager, Inc. from liquidating any assets or paying any shareholder dividends.

26   **11.  All Causes of Action**

27   a.  For attorneys fees according to proof at the time of trial;

28

1     b.  For costs incurred herein; and

2     c.  For such other and further relief as the court may deem just and proper.

3     d.  Plaintiff requests a jury trial.

8  Date:_____

George A. Roberts
Attorney for Plaintiff
General Charles E. "Chuck" Yeager