IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GENERAL CHARLES E. "CHUCK"
YEAGER,

      Plaintiff,

    v.

SUSAN YEAGER, YEAGER, INC.,
SCOTT ROBERTSON, ROBERTSON &
WOODFORD, LLP, and DOES 1
through 10,

      Defendants.      /

No. Civ. S-06-1196 DFL EFB

Memorandum of Opinion
and Order

Plaintiff General Chuck Yeager alleges breach of an oral contract by defendants Susan Yeager and Yeager Incorporated in the eighth cause of action of his fourth amended complaint.  The court dismissed with leave to amend plaintiff's third amended complaint so he could attempt to correct deficiencies in this cause of action.  Following plaintiff's amendment, defendants filed a motion to dismiss.  For the reasons below, the court GRANTS the motion in part.

I.

On June 1, 2006, plaintiff filed a complaint alleging various claims regarding defendants' failure to pay his salary and fund his pension plan.  Plaintiff's children each own 20% shares in defendant Yeager, Inc.  Defendant Susan Yeager is Yeager, Inc.'s CFO, as well as trustee for the Charles E. Yeager Revocable Living Trust and the Yeager, Inc. Defined Benefit Pension Plan.

Plaintiff has been forced to amend his complaint multiple times since filing this action.  On April 9, 2007, the court construed plaintiff's opposition to defendants' motion to dismiss the eighth cause of action of the third amended complaint as a motion to amend the pleadings.  Plaintiff's proposed fourth amended complaint, filed on March 9, 2007, became the operative complaint.

In the eighth cause of action, plaintiff alleges that his efforts "constituted the sole external source of monies and/or valuables received by Yeager, Inc."  Fourth Am. Compl. ("FAC") ¶ 78.  He states that the parties reached an oral agreement under which he would engage in certain money making activities and distribute the funds to the shareholders.  Id. ¶ 79.  In return, the shareholders other than the plaintiff would "actively work to manage the assets so generated as fiduciaries with respect thereto."  Id. ¶ 79.  Each shareholder also agreed "by

shareholder agreement [to] grant Plaintiff, by grant of proxy
and otherwise": (1) the right "to dictate all aspects of the
corporate affairs and to vote all shares of stock in support
thereof . . . including a unilateral right to use and/or
distribute to himself any or all assets of the corporation at
any time and for any reason"; (2) the right to reimbursement for
expenses related to work for the corporation; and (3) the right
to a salary equal at least to the maximum legal contribution to
the defined pension plan "and/or other such salary as he might
dictate." Id. ¶ 79.  Plaintiff alleges that defendants orally
agreed not to diminish the assets of the corporation or deprive
plaintiff of his reimbursements and salary. Id. ¶ 80.  Plaintiff
alleges that defendants engaged in multiple forms of conduct
that breached the parties' oral agreement.  Id. ¶ 82.

     On April 18, 2007, defendants filed a motion to dismiss
only the eighth cause of action.

                              II.

     Plaintiff alleges that the oral contract contains
agreements concerning (1) corporate control, (2) reimbursement,
and (3) compensation.  Id. ¶¶ 79-80.

     Defendants argue that the corporate control agreement is a
proxy, which must be in writing.  See Cal. Corp. Code § 178
("'Proxy' means a written authorization signed or an electronic
transmission authorized by a shareholder . . . giving another

person or persons power to vote with respect to the shares of such a shareholder."). Plaintiff responds that the oral contract was not a proxy agreement but rather an agreement between a corporation and its employees. This argument lacks merit. The alleged oral agreement transfers the voting rights of corporate shares, FAC ¶ 79(i), and therefore requires a written contract under California law. The court GRANTS the motion as to the transfer of corporate control claim.

Plaintiff argues that the reimbursement and compensation agreements do not implicate his right to unilaterally dictate corporate affairs and, therefore, need not be in written form. Defendants argue that these allegations are the same ones found to be insufficient in the third amended complaint, due to plaintiff's failure to allege an agreement with defendant Susan Yeager. This argument fails. In the most recent complaint, plaintiff alleges that he entered into oral agreements with all shareholders, not just the corporation as an entity. Such agreements, limited to reimbursement and compensation, do not rise to the level of a proxy transfer or violate public policy restrictions on corporate control agreements.

Defendants argue that plaintiff provided insufficient consideration for the alleged agreements. They characterize plaintiff's promise to distribute any money earned to other shareholders as a promise to make a future gift because any

transfer of corporate assets lies entirely at plaintiff's discretion pursuant to the agreement.  See Beebe v. Coffin, 153 Cal. 174, 176-78 (1908) (holding that a "delivery which does not confer upon the donee the present right to reduce the fund into possession by enforcing the obligation according to its terms will not suffice").  However, because plaintiff need not plead his breach of contract claim with particularity, the court does not reach the issue of consideration at this stage.  Therefore, the court DENIES the motion as to the reimbursement and compensation claims.

III.

For these reasons, as to the eighth cause of action, the court: (1) DISMISSES the corporate control claim and (2) DENIES the motion as to the reimbursement and compensation claims.

IT IS SO ORDERED.

Dated: June 14, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge