IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER, | | |
|         Plaintiff, | | No. CIV S-06-1196-JAM-EFB |
|    vs. | | |
| SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON and WOODFORD, LLP, and DOES 1 through 10, | | ORDER AND FINDINGS & RECOMMENDATIONS |
|         Defendants. | / | |

I.    INTRODUCTION

        On September 24, 2008, the discovery deadline in this case, plaintiff, through his counsel Robert Eliason, filed an ex parte application for order shortening time on his motion to compel deponent Michael Yeager to further answer deposition questions. At issue are questions concerning the assets and activities of Tri Y-F, a partnership of Michael Yeager and his siblings, including defendant Susan Yeager. Michael Yeager declined to answer these questions at his September 22, 2008 telephonic deposition, pursuant to the instructions of his attorney, Dewey Harpainter, who objected that the questions seek "confidential, privileged financial information."

////

The court informed counsel by telephone that plaintiff's application for order shortening time had been granted, and directed Mr. Harpainter to serve and file a response. Upon review of the motion and response, the court informed counsel by telephone that Michael Yeager's objections were overruled and directed that his deposition be reconvened for the purpose of answering plaintiff's questions concerning Tri F-Y. Counsel were further informed that this court would recommend to the district judge that, if necessary, an extension of the discovery deadline be ordered for the limited purpose of reconvening Michael Yeager's deposition to answer the disputed questions.

The court now formalizes its rulings and reasons thereof.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . ." Relevancy has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)(citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)).

Privileges are narrowly construed, because they impede the full and fair discovery of truth. *Weil v. Investment/Indicators, Research & Management, Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988).

"Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa County,* 422 F.3d 836, 839 (9th Cir. 2005) (citations omitted). "Under Federal Rule of Evidence 501, privileges provided by state law apply in civil actions only 'with respect to an element of a claim or defense as to which State law supplies the rule of decision." Fed. R. Evid. 501; see *Breed v. U.S. Dist. Court for the N. Dist. of Cal.*, 542 F.2d 1114, 1115 (9th Cir.1976) (holding that, when a question of federal law is at

1  issue, "[s]tate law [as to privileges] may provide a useful referent, but it is not controlling");
2  *see also Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  The law of privilege as
3  applied to federal claims or defenses is governed by "the principles of the common law as they
4  may be interpreted by the courts of the United States in the light of reason and experience."  Fed.
5  R. Evid. 501.

6  III.   ANALYSIS

7      The instant case is brought pursuant to this court's federal question jurisdiction, 28
8  U.S.C. § 1330, based upon the primary allegations of the complaint that defendants violated the
9  standards set forth in the federal Employee Retirement Income Security Act of 1974 ("ERISA"),
10 29 U.S.C. §§ 1132(a)(2) and 1144(a).  The complaint alleges misappropriation of funds that
11 should have been deposited and invested in the Defined Benefit Pension Plan created by
12 defendant Yeager, Inc. in 1986, for which plaintiff is the sole beneficiary.  The complaint also
13 alleges pendant state claims including breach of fiduciary duty, breach of contract, and unjust
14 enrichment.

15     The court notes preliminarily that Michael Yeager is no longer a party to this action.
16 Initially named as defendants, Michael and his siblings, Donald Yeager and Sharon Yeager-
17 Flick, were dropped as defendants from plaintiff's Fourth Amended Complaint.  Sibling Susan
18 Yeager, who acted as chief financial officer of defendant Yeager, Inc. during the relevant period,
19 remains a defendant, as does Scott Robertson, who served as accountant for, *inter alia*, each of
20 the Yeager siblings, defendant Yeager Inc., and nonparty Tri Y-F, a partnership of the Yeager
21 siblings created in 1986 to "make investments [and t]ry to make money."[1]  Decl. of Norman
22 Morrison, ¶ 9 (quoting Sept. 22, 2008 deposition of Michael Yeager).

23     At his deposition, Michael Yeager was asked to identify the present assets of Tri Y-F.
24 ////

---

[1] It is unclear from the papers whether plaintiff and his wife, who were, along with plaintiff's children, founding partners of Tri F-Y, remain partners of Tri F-Y.

3

1  His attorney, Mr. Harpainter, responded, "Objection.  Calls for confidential, privileged financial
2  information and I instruct this witness not to answer that question."  When asked by plaintiff's
3  counsel, "would that be the same objection with any further questions related to the YYYF [sic]
4  [?]," Mr. Harpainter replied, "[i]n particular to their assets and activities, yes."  *See* Exh. A to
5  Morrison Decl.

6  In responding to the instant motion, Mr. Harpainter explained that his objections were
7  grounded in state law (citing the California Constitution and California case law), because the
8  disputed questions sought information relevant to "[s]tate claims where Plaintiff has alleged that
9  Susan Yeager, while Trustee of the [Charles E. Yeager] Revocable [Living] Trust (years 1991
10 through 2001) diverted monies to her siblings through the Trust and the Corporation."  Defs.'
11 Resp., at 2:1-3.  Mr. Harpainter further noted that Susan Yeager had provided an accounting for
12 this period of time in a separate state court action, that "the bank records of Tri Y-F were
13 produced under subpoena with protective order," *id*. at 3:16-17, and that plaintiff's deposition
14 questions were posed too broadly and without foundation, based on plaintiff's implicit goal of
15 obtaining personal financial information about his children unrelated to the present action.

16 The allegations of financial improprieties set forth in the operative complaint are far
17 broader than characterized by Mr. Harpainter.  While the Revocable Trust was at the heart of the
18 referenced state court action,[2] at issue in the instant case is the funding of the Defined Benefit
19 Pension Plan created by Yeager, Inc.  Susan Yeager's accounting of the Revocable Trust did not,
20 by definition, include all financial information relevant to defendant Yeager Inc. or its Defined
21 Benefit Pension Plan, nor the relevant financial information of other financial entities (e.g., Tri
22 F-Y) that may have improperly received, or been a conduit for the improper transfer of, funds
23 that should have been directed to the Pension Plan.  The crux of plaintiff's complaint rests on the
24 possibility of the latter scenario, which underscores the difficulty, at this stage, of adopting Mr.

---

[2] *See* Judgment After Trial, entered March 29, 2006 in *Yeager v. D'Angelo, et al.*, and related counterclaims, Nevada Co. Sup. Ct. Case No. 68834.  Defs.' Resp., Ex. A.

4

Harpainter's view that evidence relevant to plaintiff's state law claims is not relevant to his federal ERISA claims. Rather, plaintiff's state and federal claims are clearly interrelated, as they rely on essentially the same factual allegations and may very well turn on the same evidence.

Moreover, the relevance to this action of Tri F-Y's assets and activities was specifically addressed by the court at the hearing held September 18, 2008. In denying defendants' motion to quash plaintiff's third party subpoenas upon three financial institutions, the court found in pertinent part that information regarding Tri-F-Y's financial records is relevant to plaintiff's allegation that defendants misappropriated funds for the personal benefit of the Yeager children. Thus, any evidence (or lack thereof) of defendants' financial and accounting improprieties, including the misappropriation of funds to private accounts (yet sharing a common accountant) is directly relevant to both plaintiff's federal ERISA claims and pendant state law claims.

Mr. Harpainter's reliance on state privilege law is therefore inapposite. Due to the reality that financial evidence in this case is relevant to both plaintiff's federal and state law claims, federal privilege law must apply. Mr. Harpainter's failure to support his claim of privilege with any citation to federal law is consistent with the view of this court that such authority is lacking. There being no valid federal privilege upon which Michael Yeager may rest his objections, the objections must be overruled.[3]

## IV. CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that

1. Plaintiff's Ex Parte Application for Order Shortening Time (Dckt. No. 121) is granted;

2. Plaintiff's Motion to Compel Discovery (Dckt. No. 122) is granted; and

---

[3] Mr. Harpainter's further assertions that the disputed questions were overbroad, not premised on a particularized need, and without foundation, are without merit. The only exception to plaintiff's entitlement to discover relevant evidence is the interposition of a valid privilege. Fed. R. Civ. P. 26(b)(1).

Moreover, Mr. Harpainter's statement that Tri Y-F's bank records were produced under subpoena pursuant to protective order is unsupported and therefore inadequate to sustain a ruling by this court that the disputed questions seek duplicative information.

3. Michael Yeager is directed to answer plaintiff's deposition questions relative to the assets and activities of Tri F-Y1 pursuant to a reconvened telephonic deposition arranged at the earliest possible opportunity for Michael Yeager, his counsel, and plaintiff's counsel.

Further, IT IS HEREBY RECOMMENDED that the district judge extend the discovery deadline for the limited purpose of complying with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 25, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE