UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER,<br><br>          Plaintiff,<br><br>    v.<br><br>SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON and WOODFORD, LLP, and DOES 1 through 10,<br><br>          Defendants. | Case No. 2:06-CV-001196 JAM-EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND DENYING DEFENDANTS' JOINT CROSS MOTION TO UNSEAL DOCUMENTS** |

    The matters before the Court are twofold. First, General Charles "Chuck" Yeager ("Plaintiff") moves to reopen discovery. Susan Yeager, Yeager, Inc., Scott Robertson, and Robertson and Woodford, LLP (collectively, "Defendants") oppose Plaintiff's Motion. Second, Defendants filed a Joint Cross Motion to Unseal Documents, which Plaintiff opposes. For the reasons set forth below, both Plaintiff's Motion to Reopen Discovery and Defendants'

Joint Cross Motion to Unseal Documents are DENIED.[1]

**BACKGROUND**

Plaintiff filed his complaint on June 1, 2006 and made several subsequent amendments. Defendants filed their Answer to Plaintiff's Fourth Amended Complaint on April 19, 2007. Discovery commenced in September of 2007. The original Scheduling Order, issued on September 17, 2007, imposed a September 24, 2008 discovery deadline and set trial for February 17, 2009. On September 29, 2008, five days after the discovery deadline, this Court issued an Amended Status (Pre-trial Scheduling) Order resetting the trial date to August 24, 2009 and extending the already-expired discovery deadline to March 27, 2009. On October 3, 2008, this Court reinstated the original September 24, 2008 discovery deadline, choosing to amend only those dates in the Pre-trial Scheduling Order which had not yet passed.

Since this case began, three separate attorneys for Plaintiff have withdrawn. The representation by Plaintiff's first counsel is irrelevant to the current matter. His second counsel, Robert Eliason, moved to withdraw on August 27, 2008. This Court approved Plaintiff's substitution of counsel on September 25, 2008 and granted an Order substituting Benjamin Pavone as new counsel the next day. Mr. Pavone, Plaintiff's third counsel, filed his own Motion to Withdraw on November 7, 2008, which this Court granted on December 10, 2008. Both Mr. Eliason and Mr. Pavone filed

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 78-230(h).

declarations accompanying their motions, which this Court filed under seal.

Plaintiff, now represented by new counsel, seeks to reopen discovery nearly six months after the expiration of the September 2008 discovery deadline. He claims that good cause exists for this Court to grant his Motion to Reopen Discovery for a period of four months. Specifically, he argues that his two former counselors did not conduct discovery with due diligence. Plaintiff claims he was misled by one former counsel regarding the progress of litigation and the discovery that counsel had conducted. Furthermore, Plaintiff contends that "significant information was discovered or prevented from being discovered at or near the discovery completion date." Pl.'s Motion to Reopen Discovery 2. Plaintiff's new counsel wishes to depose additional witnesses and subpoena entities possessing relevant documents. Finally, Plaintiff argues that granting his Motion will not prejudice Defendants. In support of his Motion, Plaintiff filed a declaration by his wife and authorized agent, Victoria Yeager, in which Ms. Yeager discusses her dealings with Plaintiff's former attorneys.

Defendants disagree. They claim that Plaintiff cannot show good cause to reopen discovery. Specifically, they argue that lack of due diligence on the part of Plaintiff's previous counsel weighs against a good cause finding to grant Plaintiff's Motion. Def.'s Opp. to Motion to Reopen Discovery 3. Defendants also point to the existence of allegedly similar discovery documents from Plaintiff's previous state court case. They additionally challenge the veracity of Victoria Yeager's Declaration, particularly as it relates to Plaintiff's communications and dealings with former

counsel Robert Eliason. Finally, Defendants claim Plaintiff's recent retainer of new counsel does not in itself establish good cause to grant his Motion.

Defendants separately filed their Joint Motion to Unseal Mr. Eliason and Mr. Pavone's declarations. Docket # 155. Defendants believe these sealed declarations are relevant to the Court's determination on Plaintiff's Motion to Reopen Discovery, in which Plaintiff alludes to problems in the relationships between his authorized agent and his former counselors.

**ANALYSIS**

A moving party must show good cause to modify a Scheduling Order. Fed. R. Civ. P. 16(b)(4); see Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). In determining whether good cause exists to reopen discovery, courts may consider a variety of factors. See, e.g., United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995). However, a good cause determination focuses primarily on the diligence of the moving party in his attempts to complete discovery in a timely manner. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff alleges his former counsel failed to act diligently in conducting discovery. On the surface, this would seem to weigh against the existence of good cause for reopening discovery. However, Plaintiff claims the he should not bear the burden of his former counsel's negligence. P.'s Motion to Reopen Discovery 8-10. Nonetheless, Plaintiff himself is ultimately responsible for the acts and omissions of the representatives he voluntarily chooses; he cannot now avoid their consequences. See Link v. Wabash R. Co.,

370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); see also Matrix Motor Co., Inc. v. Toyota, 218 F.R.D. 667, 676 (C.D. Cal. 2003).

Plaintiff's claims that he was misled are similarly unpersuasive. The alleged deception does not rise to a level sufficient to negate Plaintiff's ultimate responsibility for the acts of his counsel. Plaintiff and his agent knew the discovery deadlines. They could have taken these deadlines into account when deciding to replace Mr. Eliason as counsel less than thirty days before the deadline expired.

Plaintiff also urges this Court to consider other factors in finding good cause – namely that his current counsel believes there is additional undiscovered material and that the trial date is not imminent. These considerations are insufficient to overcome Plaintiff's lack of due diligence, which is ultimately determinative on the issue of good cause.

Because this Court is denying Plaintiff's Motion to Reopen Discovery, it finds no reason to grant Defendants' Joint Cross Motion to Unseal. Defendants have not put forth any reasons for this Court to unseal the declarations beyond Defendants' need to oppose Plaintiff's Motion to Reopen Discovery. Defendants' asserted justification for unsealing the declarations is moot. Therefore, the Court finds that the declarations are unnecessary, particularly given the compelling attorney-client privilege rationales that weigh against their unsealing.

**CONCLUSION**

A lack of diligence appears to have at least contributed to Plaintiff's current situation, in which he once again has new counsel and is now seeking to reopen discovery. Plaintiff must ultimately bear the responsibility for the decisions he and his agent make regarding his legal representation. Plaintiff has failed to show that he acted diligently to complete discovery prior to the September 24, 2008 deadline. The attenuating factors he raises are insufficient to overcome the diligence issue. As a result, Plaintiff has not established good cause to amend the Scheduling Order and reopen discovery. Given the Court's ruling on Plaintiff's Motion, Defendants' Motion is moot.

**ORDER**

For the reasons stated above:

1. Plaintiff's Motion is DENIED.
2. Defendants' Motion is DENIED.

IT IS SO ORDERED.

Dated: April 29, 2009

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE