UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES E. "CHUCK" YEAGER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON and WOODFORD, LLP, and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No. 2:06-CV-001196 JAM-EFB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT CROSS MOTION TO COMPEL AND FOR SANCTIONS, ATTORNEYS' FEES, AND COSTS** |

The matter before the Court is Susan Yeager, Yeager, Inc., Scott Robertson, and Robertson and Woodford, LLP's (collectively, "Defendants'") Joint Cross Motion for Sanctions, Attorneys' Fees and Costs, and to Compel. General Charles "Chuck" Yeager ("Plaintiff") opposes Defendants' motion. For the reasons set forth below, Defendants' Motion to Compel, and for Sanctions,

1

Attorneys' Fees, and Costs is GRANTED in part and DENIED in part.[1]

BACKGROUND

On December 30, 2008 Plaintiff filed an Ex Parte Application for an Order Shortening Time and moved to amend the Court's pre-trial scheduling order. Docket # 145. Plaintiff sought to amend his previous expert disclosure when his expert, George Tamiyasu, became ill and unwilling to participate in the case. Plaintiff submitted a declaration from Mr. Tamiyasu, who stated that he was unaware trial was scheduled in Sacramento and that his health conditions precluded his continuing work on the matter. Tamiyasu Decl. Attach. 4, Docket # 146. Mr. Tamiyasu offered to submit a doctor's certification regarding his health condition and its preclusive effect on his work as an expert. This Court denied Plaintiff's Ex Parte Motion but issued an order extending the expert disclosure deadline, effectively allowing Plaintiff to replace Mr. Tamiyasu with a new expert. See Minute Order, Docket # 147.

Defendants contend that statements in Mr. Tamiyasu's declaration are materially false and were made either recklessly or intentionally. Defs.' Mot. 4. They base this allegation on Mr. Tamiyasu's notes from this case, which seemingly indicate that on July 22, 2008 Mr. Tamiyasu did in fact have knowledge that this

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

case would be tried in Sacramento.  See Decl. of Robert H. Johnson in Supp. of Defs.' Mot. Ex. B.  Plaintiff does not dispute this allegation.  See Pl.'s Mot. ¶ 3.

Defendants claim that Mr. Tamiyasu's false statement warrants invocation of the "manifest injustice" exception in Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.  Arguing that Plaintiff either prepared Tamiyasu's declaration or was heavily involved in its preparation, Defendants seek sanctions in the form of reimbursement for $ 24,535.55 they incurred in deposing Mr. Tamiyasu.  Defs.' Mot. 7.  Defendants also seek attorneys' fees and reasonable costs for the deposition of Plaintiff's new expert, Stuart Harden.  Finally, Defendants ask this Court to compel Mr. Harden's attendance at his deposition in Sacramento, rather than in Fresno, where Mr. Harden's offices are located.  Defs.' Mot. 8.

OPINION

The "manifest injustice" exception to Rule 26(b)(4)(C) provides in part: "Unless manifest injustice would result…the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery…."  Normally then, the party taking the expert's deposition will bear the costs charged by the expert for the testimony.  If manifest injustice would result from this standard arrangement, a court can shift the normal allocation of fees for an expert's deposition.

The Ninth Circuit has not considered the issue of the manifest

injustice exception directly.  Rather, it has merely stated the general rule that a court must find manifest injustice before it can shift the normal allocation of the fees for an expert's deposition.  See <u>United States v. City of Twin Falls, Idaho</u>, 806 F.2d 862, 879 (9th Cir. 1986), <u>cert. denied</u>, 482 U.S. 914 (1987).  Though there exists no analysis for determining manifest injustice, most courts balance the various hardships imposed on the respective parties.  This analysis has come into play mostly in cases involving indigent or insolvent parties.  It has not been employed when financial necessity is not a factor.

This Court does not accept Plaintiff's contention that Mr. Tamiyasu's misstatement and substitution warrants shifting responsibility for expert deposition fees.  The circumstances here do not rise to a level of manifest injustice.  Defendants theory that Mr. Tamiyasu's misstatement was a cover for his financial difficulties with Plaintiff is unsupported, as is their disbelief regarding the veracity of Mr. Tamiyasu's health condition.  Moreover, Defendants ignore the fact that this Court approved Plaintiff's expert's withdrawal and substitution.  The Court will not now sanction the same actions it approved.

The Court acknowledges that Plaintiff's acts, including those of his former expert, have resulted in additional costs to Defendants.  Therefore, in the interests of fairness, this Court will grant Defendants' motion to compel Mr. Harden's deposition in

Sacramento, thereby reducing travel costs for Defendants. However, this Court denies the remaining parts of Defendants' Motion including Defendants' requests for costs and attorneys' fees.

ORDER

For all the foregoing reasons:

Defendants' Motion is GRANTED in part and DENIED in part.

Plaintiff is ordered to produce his expert for deposition in Sacramento at a time and place to be determined by Defendants.

Defendants' requests for attorneys fees and costs incurred in the taking of the depositon of Plaintiff's original expert and for costs for the deposition of Plaintiff's newly designated expert are DENIED.

IT IS SO ORDERED.

Dated: May 11, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE