```
1  ROBERT H. JOHNSON (SBN 048067)
   JOSHUA H. WILLERT (SBN 232414)
2  JOHNSON SCHACHTER & LEWIS
   A Professional Law Corporation
3  California Plaza
   2180 Harvard Street, Suite 560
4  Sacramento, CA 95815
   Telephone: (916) 921-5800
5  Facsimile: (916) 921-0247

6  Attorneys for Defendants SCOTT ROBERTSON and ROBERTSON AND WOODFORD
```

**IN THE UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GENERAL CHARLES "CHUCK" YEAGER<br><br>　　　Plaintiff<br><br>v.<br><br>SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON AND WOODFORD,<br><br>　　　Defendants. | CASE NO. 2:06-CV-01196-JAM-EFB<br><br>*AMENDED* ORDER GRANTING SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION<br><br>Hearing Date: June 3, 2009<br>Courtroom:　　6<br>Time:　　　　9:00 a.m.<br>Judge:　　　Hon. John A. Mendez<br>Trial Date:　August 24, 2009 |

The motion of Defendants, SCOTT ROBERTSON and ROBERTSON AND WOODFORD for summary judgment came on regularly for hearing before this Court on June 3, 2009. Robert H. Johnson of Johnson Schachter, & Lewis, A PLC, attorneys of record for Defendants, SCOTT ROBERTSON and ROBERTSON AND WOODFORD appeared for those Defendants; Dewey Harpainter of Armstrong & Associates, A PC, attorneys of record for Defendants, SUSAN YEAGER and YEAGER, INC. appeared for those Defendants; and Charleton Pearse of Lenahan, Lee, Slater & Pearse, LLP attorneys of record for Plaintiff, GENERAL CHARLES "CHUCK" YEAGER, appeared for Plaintiff.

PDF created with pdfFactory trial version www.pdffactory.com

1  After considering the moving and opposition papers, arguments of counsel and all
2  matters presented to the Court, IT IS HEREBY ORDERED THAT the motion is GRANTED.
3  Alternatively;
4  After considering the moving and opposition papers, arguments of counsel and all
5  matters presented to the Court, IT IS HEREBY ORDERED that Defendants, SCOTT
6  ROBERTSON and ROBERTSON AND WOODFORD's alternative motion for summary
7  adjudication is granted as to the following claims for relief alleged by Plaintiff:

**1.    Plaintiff's Fifth Claim for Relief for Negligent Accounting:**

Plaintiff's claim for relief for negligent accounting practices has not been filed within the applicable two year statute of limitations period under *CCP* § 339. Plaintiff's complaint was filed with this Court on June 1, 2006. Plaintiff suffered any actual harm before June 1, 2004. Plaintiff had knowledge of any purported negligence, or the harm purportedly caused by any alleged negligence before June 1, 2004. For these reasons, Plaintiff's Fifth Claim for relief is time barred, and properly dismissed.

**2.    Plaintiff's Third Claim for Relief for Breach of Fiduciary Duty:**

Plaintiff's state claim for relief for breach of fiduciary duty has been untimely filed. The Court determines that the applicable limitations period with respect to Plaintiff's third claim for relief is either two years, or in the alternative, no more than four. Under either limitations period, Plaintiff's state claim for relief for breach of fiduciary duty is barred as Plaintiff suffered any actual harm before June 1, 2002 and Plaintiff had knowledge of all facts, or should have had knowledge of such facts, giving rise to any breach of a fiduciary duty claim before June 1, 2002. Plaintiff's complaint was not filed until June 1, 2006. For these reasons, Plaintiff's Third Claim for Relief is time barred, and properly dismissed.

**3.    Plaintiff's Third Claim for Relief for Breach of Fiduciary Duty under ERISA:**

Plaintiff's ERISA claim for relief for breach of fiduciary duty has been untimely filed. Plaintiff's ERISA claim for relief is untimely under 29 U.S.C. § 1113(1) and (2). Plaintiff's claim for the pension plan underfunding is barred under the six year limitations period of 29 U.S.C. § 1113 (1)(A) as this alleged fiduciary breach occurred before June 1, 2000. Plaintiff's

PDF created with pdfFactory trial version www.pdffactory.com

claim for improper employment engagements is also barred under the six year limitations period of 29 U.S.C. § 1113 (1)(A), as this alleged fiduciary breach occurred before June 1, 2000. Each of these purported breaches occurred more than six years before Plaintiff filed his complaint in this action on June 1, 2006.

The remaining alleged fiduciary violations are barred under the three year limitation period of 29 U.S.C. § 1113 (2) as Plaintiff had actual knowledge of any purported breach, and any harm caused therefrom before June 1, 2003.

Finally, the fraudulent concealment provision of 29 U.S.C. 1113(2) does not apply. For these reasons, Plaintiff's Third Claim for Relief under ERISA is time barred, and properly dismissed.

**4.     Plaintiff's Sixth Claim for Relief for Conspiracy:**

Plaintiff's Sixth Claim for Relief for Conspiracy is untimely filed.  The last overt act in furtherance of any alleged conspiracy took place outside any of the applicable statutory limitations period, whether it be two years, three years, four years or six years.  Plaintiff's complaint was not filed until June 1, 2006, and is therefore properly dismissed with prejudice.

Dated: June 5, 2009                                   /s/ John A. Mendez
                                                                         Hon. John A. Mendez

PDF created with pdfFactory trial version www.pdffactory.com

# PROOF OF SERVICE

**CASE NAME:**     Yeager v. Yeager
**CASE NO.:**      2:06-CV-01196-JAM-EFB

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date set forth below, I served the following: [PLDG-TITLE]

___   United States Mail - on all parties in said action by placing a true copy of the above described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below.

___   By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

 X    Electronic Service - by causing such document to be served electronically to the addresses listed below.

___   Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

___   Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

| Charleton S. Pearse | Dewey V. Harpainter |
| Lenahan, Lee, Slater & Pearse, LLP | Armstrong & Associates |
| 1030 - 15th Street, Suite 300 | 200 Auburn Folsom Road, Suite 106 |
| Sacramento, CA 95814 | Auburn, CA 95603 |
| Telephone: (916) 443-1030 | Telephone: (530) 269-1515 |
| Facsimile: (916) 443-0869 | Facsimile: (530) 269-2525 |

 X    FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February ___, 2009, at Sacramento, California.

4
_____
*AMENDED* [PROPOSED] ORDER GRANTING SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

PDF created with pdfFactory trial version www.pdffactory.com

Case 2:06-cv-01196-JAM-EFB    Document 253    Filed 06/08/2009    Page 5 of 5

1
2  _____
   Jan Hyde
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*AMENDED* [PROPOSED] ORDER GRANTING SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

PDF created with pdfFactory trial version www.pdffactory.com