ROBERT H. JOHNSON (SBN 048067)
JOSHUA H. WILLERT (SBN 232414)
JOHNSON SCHACHTER & LEWIS
A Professional Law Corporation
California Plaza
2180 Harvard Street, Suite 560
Sacramento, CA 95815
Telephone: (916) 921-5800
Facsimile: (916) 921-0247

Attorneys for Defendants SCOTT ROBERTSON and ROBERTSON AND WOODFORD

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL CHARLES "CHUCK" YEAGER<br><br>Plaintiff<br><br>v.<br><br>SUSAN YEAGER, YEAGER, INC., SCOTT ROBERTSON, ROBERTSON AND WOODFORD,<br><br>Defendants. | **CASE NO. 2:06-CV-01196-JAM-EFB**<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132**<br><br>Date:       September 9, 2009<br>Time:       9:00 a.m.<br>Location:  Ctrm 6, 14th Floor<br>Judge:      Hon. John Mendez<br>Date Filed: June 1, 2006 |

The motion of Defendants, SCOTT ROBERTSON and ROBERTSON AND WOODFORD (hereinafter "Defendants") for attorney's fees and costs came on regularly for hearing before this Court on September 9, 2009. Robert H. Johnson of Johnson Schachter, & Lewis, A PLC, attorneys of record for Defendants, SCOTT ROBERTSON and ROBERTSON AND WOODFORD appeared for those Defendants; and Charles J. Murray of De La Pena & McDonald, LLP attorneys of record for Plaintiff, GENERAL CHARLES "CHUCK" YEAGER (hereinafter "Plaintiff"), appeared for Plaintiff.

PDF created with pdfFactory trial version www.pdffactory.com

After careful consideration of the papers filed in support of and in opposition to Defendants' Motion for Attorney's Fees and Costs and review of the numerous authorities cited therein, and having heard oral argument by both counsel, IT IS HEREBY ORDERED THAT the motion is GRANTED under 29 U.S.C.§ 1132 (g)(1) of the Employee Retirement Income Security Act (hereinafter "ERISA").

In granting Defendants' motion for attorney's fees under 29 U.S.C. § 1132(g)(1), the Court considered the following five factors identified in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980):

1. The degree of the opposing party's culpability or bad faith;
2. The ability of the opposing party to satisfy an award of fees;
3. Whether an award of fees against the opposing party would deter others from acting under similar circumstances;
4. Whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and
5. The relative merits of the parties' positions.

With respect to the first *Hummell* factor, the Court finds that there are numerous examples of Plaintiff's direct culpability. In opposition to Defendants' Motion for Summary Judgment, or in the Alternative Summary Adjudication, Plaintiff's primary contention was to claim that he was not aware of what was going on around him. However, the evidence does not support this assertion. Instead, the evidence establishes that Plaintiff *was* involved, knew or should have known what was going on, and knew or should have known that there was little, if any chance of succeeding in this lawsuit against these Defendants. Defendants, SCOTT ROBERTSON and ROBERTSON AND WOODFORD were simply accountants, and were not ERISA fiduciaries, plan administrators, or the plan. These Defendants never should have been parties in Plaintiff's lawsuit, and incurred substantial attorney's fees and costs as a consequence of being named as parties to Plaintiff's lawsuit.

Further, the Court finds that Plaintiff pursued these claims against Defendants not to address particular wrongs allegedly perpetrated by these Defendants, but to continue an ongoing inter-family dispute stemming from Plaintiff's marriage to Victoria Yeager. This is never an

appropriate reason to commence litigation.  Litigating clearly time-barred and meritless claims under such circumstances constitutes bad faith conduct and shows this litigation was pursued for an improper purpose.

Plaintiff failed to address the second, third and fourth *Hummell* factor in his opposition papers.

With respect to the fifth *Hummell* factor, the Court finds that Plaintiff's claims were clearly time barred, and were also barred by the issue preclusion principles of collateral estoppel.

The Court further finds that Plaintiff did not – and could not – state a valid claim against these Defendants under ERISA.  Plaintiff's ERISA claim against these Defendants lacked merit because Defendants were not plan administrators, were not the plan and were not ERISA fiduciaries.  Plaintiff also sought to hold Defendants liable for acts undertaken by Plaintiff, himself as president and director of the plan sponsor, co-trustee of the plan, and sole beneficiary of the plan.  For example, in one instance Plaintiff signed documentation recognizing that the pension plan would be terminated.  Thus, Plaintiff's claims for relief against these Defendants under ERISA were not only clearly time-barred, but had no chance of success on the merits even if they had been timely filed.

For the foregoing reasons, as the prevailing party and in the Court's discretion, Defendants are entitled to an award of attorney's fees and costs under 29 U.S.C. § 1132(g)(1). The Court does not reach the second argument raised by Defendants in their moving and reply papers for an award of attorney's fees and costs pursuant to the Court's inherent authority.

Plaintiff does not challenge the amount of the award requested by these Defendants. In addition, the Court's independent review of the declaration of Robert H. Johnson, the declaration of Richard W. Nichols, and the billing entries and invoices submitted by Defendants in support of their motion shows that the amount of attorney's fees and costs sought is reasonable.  All of the factors courts are required to evaluate in awarding attorney's fees and costs have been considered by this Court.

PDF created with pdfFactory trial version www.pdffactory.com

The Court hereby finds that an hourly rate of $175.00 for the services of Robert H. Johnson and an hourly rate of $145.00 for work performed by associate attorneys with Johnson Schachter & Lewis, A PLC are reasonable. They are well below current market rates.

This Court carefully reviewed the declaration of Robert H. Johnson, the declaration of Richard W. Nichols, and the billing entries submitted by Defendants in support of their motion in order to assess whether any duplicative work was performed. The Court found none, and that the work done was reasonable and necessary, and the time spent was appropriate.

Having considered the declarations and documentation submitted by Defendants in support of their motion, and there being no specific objections from Plaintiff, the Court concludes that the hourly rates charged by defense counsel, the amount of hours spent litigating this case, and the lodestar amount calculated from these two figures is reasonable.

For the foregoing reasons, IT IS HEREBY ORDERED THAT Plaintiff pay Defendants $166,658 in attorney's fees and $36,695.65 in unrecovered expert costs incurred as a consequence of being named as a party to Plaintiff's lawsuit.

Dated: September 28, 2009          /s/ John A. Mendez
                                   Hon. John A. Mendez
                                   Eastern District Court Judge

PDF created with pdfFactory trial version www.pdffactory.com

# PROOF OF SERVICE

**CASE NAME:** Yeager v. Yeager
**CASE NO.:** 2:06-CV-01196-JAM-EFB

I am employed in the County of Sacramento. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 560, Sacramento, CA 95815.

I am familiar with this office's practice whereby the mail is sealed, given the appropriate postage and placed in a designated mail collection area. Each day's mail is collected and deposited in a United States mailbox after the close of each day's business.

On the date set forth below, I served the following: DECLARATION OF ROBERT H. JOHNSON IN SUPPORT OF DEFENDANTS' BILL OF COST

___   United States Mail - on all parties in said action by placing a true copy of the above described document(s) enclosed in a sealed envelope in the designated area for outgoing mail addressed as set forth below. (Plaintiff)

___   By FACSIMILE (telecopier) - by personally sending to the addressee's facsimile number a true copy of the above-described document(s).

X     Electronic Service - by causing such document to be served electronically to the addresses listed below.

___   Federal Express - on all parties in said action by placing a true copy of the above-described document(s) in an authorized area for pick-up by an authorized express service courier the same day it is collected and processed in the ordinary course of business as set forth below.

___   Personal Service - By personally delivering or causing to be delivered a true copy of the above-described document to the person(s) and at the address(es) set forth as shown below.

| *Attorney for Plaintiff:* | *Attorney for Defendant Yeager*: |
|---|---|
| DeLaPena & McDonald LLP | Dewey V. Harpainter |
| 785 Market Street, 14th Floor | Armstrong & Associates |
| San Francisco, CA 94103 | 200 Auburn Folsom Road, Suite 106 |
| Tel: (415) 227-4100 | Auburn, CA 95603 |
| Fax: (415) 227-4116 | Telephone: (530) 269-1515 |
|  | Facsimile: (530) 269-2525 |

X     FEDERAL: I declare that I am employed in the office of a member of the bar of this Court at whose direction service was made.

JOHNSON SCHACHTER & LEWIS
A PROFESSIONAL LAW CORPORATION
2180 HARVARD STREET, SUITE 560
SACRAMENTO, CA 95815
TELEPHONE: (916) 921-5800 / FACSIMILE: (916) 921-0247

5
_____
**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR
ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132**

PDF created with pdfFactory trial version www.pdffactory.com


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 6, 2009, at Sacramento, California.

                        Jan Hyde

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 29 U.S.C. § 1132**

PDF created with pdfFactory trial version www.pdffactory.com